UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

CHARLES PETTITT,

                Plaintiff,

v.                                            **DECISION AND ORDER**
                                                          17-CV-640S

CHIARI & ILECKI, LLP,

                Defendant.

1.     Plaintiff, Charles Pettitt, commenced this action on July 12, 2017, alleging violations of the Fair Debt Collection Practice Act ("FDCPA") and New York State Law. (Docket No. 1.) On July 13, 2017, a summons was issued to Defendant Chiari & Ilecki at 14 Lafayette Square, Ste. 1440, Buffalo, NY 14203. (Docket No. 2.) On August 21, 2017, the Clerk of Court entered a default against Chiari & Ilecki for failure to appear or otherwise defend in accordance with Fed. R. Civ. P. 55. (Docket No. 7.) On October 17, 2017, Chiari & Ilecki filed the present Motion to Set Aside Default. (Docket No. 11.) For the reasons discussed below, the motion is granted.

2.     Rule 55(c) of the Federal Rules of Civil Procedure provides that, "the court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). In evaluating a motion to set aside an entry of default under Rule 55(c), "a court must evaluate: (1) the willfulness of the default; (2) the prejudice to the adversary if the default is set aside; and (3) whether the defendants present a meritorious defense." Holford USA Ltd., Inc. v. Harvey, 169 F.R.D. 41, 44 (S.D.N.Y. Oct. 8, 1996). "The court's discretion is narrow in light of the 'strong policies favoring the resolution of genuine disputes on their merits,' and the admonition that 'doubts are to be resolved in favor of trial on the merits.'" Id. at 44

(citing Traguth v. Zuck, 710 F.2d 90, 94 (2d Cir. 1983)).

3. Pettitt does not contest the first factor, and Chiari & Ilecki's failure to answer the complaint appears to be due to carelessness or mistake in timely updating its mailing address with the New York Department of State. "Willfulness does not include mere carelessness or negligence." RLS Associates, LLC. v. United Bank of Kuwait PLC, No. 01 CIV 1290 CSH, 2002 WL 122927, *3 (S.D.N.Y. Jan.29, 2002); see also American Alliance Ins. Co., Ltd. v. Eagle Ins. Co., 92 F.3d 57, 61 (2d Cir.1996). Nor does Pettitt challenge Chiari & Ilecki's contention that no prejudice exists. Instead, Pettitt's argument in opposition to the motion focuses on whether Chiari & Ilecki can present a meritorious defense.[1]

4. "To satisfy the criterion of a 'meritorious defense,' the defense need not be ultimately persuasive at this stage. 'A defense is meritorious if it is good at law so as to give the factfinder some determination to make.'" Am. All. Ins. Co. v. Eagle Ins. Co., 92 F.3d 57, 61 (2d Cir. 1996) (quoting Anilina Fabrique de Colorants v. Aakash Chems. and Dyestuffs, Inc., 856 F.2d 873, 879 (7th Cir. 1988)). This is a "low threshold," which can be satisfied by a denial of all material allegations. Holford, 169 F.R.D. at 44 (citing Meehan v. Snow, 652 F.2d 274, 277 (2d Cir. 1981)). "'The test of such a defense is measured not by whether there is a likelihood that it will carry the day, but whether the evidence submitted, if proven at trial, would constitute a complete defense.'" Pecarsky v. Galaxiworld.com Ltd., 249 F.3d 167, 173 (2d Cir. 2001) (quoting Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 98 (2d Cir. 1993)).

5. With respect to the FDCPA claim, Pettitt argues that Chiari & Ilecki cannot

---

[1] Chiari & Ilecki's request that Pettitt's opposition be stricken from the record (Docket No. 14 at 2) is denied.

present a meritorious defense because it did not have possession of a necessary document, one in which Pettitt allegedly acknowledged the debt and thereby extended the period for collection. Although Pettitt cites authority demonstrating that such a document would be necessary for collection of the debt under the statute of frauds (see Docket No. 13 at 6), he fails to cite any authority demonstrating that Chiari & Ilecki's failure to have the document in hand at the time that it filed the debt-collection action was a bright-line requirement. Indeed, the only authority he cites on the subject stands for the opposite position: "that merely filing a collection suit without possessing adequate means to prove the claims . . . did not give rise to an FDCPA violation." (Id. at n. 2, citing Harvey v. Great Seneca Fin. Corp., 453 F.3d 324 (6th Cir. 2006)).[2] Chiari & Ilecki has submitted affidavits stating that the document in which Plaintiff acknowledged the debt did exist at one time (even if it has since been destroyed), and that it reasonably relied on a representation that this document existed at the time that it filed the debt-collection action. This appears to contain at least a "hint" of a potential meritorious defense. See Weisel v. Pischel, 197 F.R.D. 231, 239 (E.D.N.Y. 2000) (defense is meritorious on motion to set aside default if it "contain[s] even a hint of a suggestion which, proven at trial, would constitute a complete defense"). The analysis of the abuse of process claim relies on a finding that Chiari & Ilecki had an intent to harm Pettitt. Chiari & Ilecki has denied any intent to harm, and this Court cannot "assume" such an intent for purposes of this motion, despite Pettitt's urging. (See Docket No. 13 at 11); see also Gillard v. Clement, No. 07-

---

[2] Pettitt cites this case in the context of arguing that it should not be considered, as Chiari & Ilecki' opening brief did not make an argument that it was not required to have possession of the relevant document at the time of filing. This Court disagrees. Although Chiari & Ilecki did not cite any precedent on this point in its opening brief, it certainly made the argument that it had not breached the FDCPA despite not having the relevant document in hand.

3

CV-281S, 2008 WL 5231356, at *2 (W.D.N.Y. Dec. 11, 2008) ("The denial of all material allegations satisfies the low threshold necessary to establish a meritorious defense.") Therefore, this Court concludes—without making any decision as to the merits—that Chiari & Ilecki has raised the possibility of a meritorious defense for purposes of setting aside default under Rule 55(c). Artmatic USA Cosmetics v. Maybelline Co., 906 F. Supp. 850, 855 (E.D.N.Y. 1995) ("A party's defense may be meritorious if the defense raises a significant issue; a party need not establish the merits of the defense conclusively.") (citation omitted).

6. In light of this Circuit's strong preference for resolving disputes on the merits, and also given this Court's finding that Chiari & Ilecki's conduct was not willful, that Pettitt will not be prejudiced, and that the merits of the defense are contested, this Court grants the Motion to Set Aside Default.

IT IS HEREBY ORDERED, that Defendant's Motion to Set Aside Default (Docket No. 11) is GRANTED;

FURTHER, that the Clerk of the Court is directed to vacate the entry of default. (Docket No. 7).

SO ORDERED.

Dated: November 19, 2017
Buffalo, New York

          /s/William M. Skretny
          WILLIAM M. SKRETNY
         United States District Judge