UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CHARLES PETTITT,

                            Plaintiff,

v.

CHIARI & ILECKI, LLP,

                            Defendant.
_____

**REPORT AND RECOMMENDATION**

17-CV-00640-WMS-JJM

        Before the court is plaintiff's motion to amend his Complaint [25].[1] Having reviewed the parties' submissions [25, 27, 31], for the following reasons I recommend that the motion be denied.

## BACKGROUND

        Plaintiff commenced this action on July 12, 2017, alleging that defendant violated the Fair Debt Collection Practices Act (15 U.S.C. §§1692 *et seq*.) and abused process by seeking to collect a judgment which it knew or should have known was no longer enforceable. Complaint [1]. He now seeks to amend his Complaint to add a claim for violation of New York General Business Law ("GBL") §349, which prohibits "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state".

        In support of that new claim, he alleges that "[d]efendant's actions effect [*sic*] consumers at large because [it] runs a volume practice" (proposed Amended Complaint [25-2], ¶53); that given "Defendant's lax record keeping processes, there is a substantial risk that the same

---

[1]     Bracketed references are to the CM/ECF docket entries. Unless otherwise indicated, page references are to numbers reflected on the documents themselves rather than to the CM/ECF pagination.

kind of conduct will occur, or has already occurred to other customers" (id., ¶54); and that "[e]ven an isolated failure to act with full candor [toward the court] in such circumstances has wide ranging consequences in that it threatens the integrity of judicial collection proceedings" (id., ¶55). In opposing the motion, defendant argues that "the amendment is futile. That is, plaintiff has failed to state a claim under GBL §349". Defendant's Memorandum of Law [27-1], p. 2.

## DISCUSSION

"To maintain a cause of action under §349, a plaintiff must show: (1) that the defendant's conduct is 'consumer-oriented'; (2) that the defendant is engaged in a 'deceptive act or practice'; and (3) that the plaintiff was injured by this practice." Wilson v. Northwestern Mutual Insurance Co., 625 F.3d 54, 64 (2d Cir. 2010). "Although consumer-oriented conduct does not require a repetition or pattern of deceptive conduct, a plaintiff must demonstrate that the acts or practices have a broader impact on consumers at large." Id. Therefore, "the injury must be to the public generally as distinguished from the plaintiff alone . . . . The deceptive act or practice may not be limited to just the parties". Id. at 64-65.

The conduct at issue in this case was the attempt to enforce a judgment which had expired. Proposed Amended Complaint [25-2], ¶¶17-26. While admitting that he "is not currently aware of any other case in which [defendant] pursued a stale judgment" (plaintiff's Reply Memorandum [31-7], p. 2), plaintiff argues that "the salient point is that [defendant's] policies and procedures are lax to the point where similar (if not exactly identical) misleading and fraudulent collection activities are bound to occur". Id.

In my view, that possibility does not give rise to a plausible claim under §349. *See* Samms v. Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara & Wolf, LLP, 112 F. Supp.

3d 160, 167 (S.D.N.Y. 2015) ("[t]he challenged conduct consisted of filing a single complaint that suffered from various alleged deficiencies . . . . Abrams's alleged misconduct affected only the parties to that particular lawsuit. And although the [Second Amended Complaint] alleges in conclusory fashion that Abrams has filed suits against consumers other than Mr. Samms demanding judgment that includes attorney's fees when the claims were limited to claims that did not allow for recovery for attorney's fees . . . this allegation falls short of establishing that Abrams's conduct had a broader impact on consumers at large").

The authorities cited by plaintiff (plaintiff's Memorandum of Law [25-3], p. 4) involve conduct which was much more "consumer oriented" than that in this case. are distinguishable from the facts of this case. Mayfield v. Asta Funding, Inc., 95 F. Supp. 3d 685, 692 (S.D.N.Y. 2015) involved defendants who "filed tens of thousands of mass-generated verified complaints against the alleged debtors in New York City Civil Court . . . . Defendants supported these actions with fraudulent Affidavits of Fact . . . attesting to their personal knowledge of facts and circumstances surrounding the alleged debt when in fact they did not have access to documents substantiating the debt." Midland Funding, LLC v. Giraldo, 39 Misc. 3d 936, 946 (Dist. Ct. Nassau Co. 2013) involved "the routine filing of assigned debt lawsuits . . . despite a lack of crucial, legally admissible information or sufficient inquiry into whether the claims are meritorious".

Moreover, the sufficiency of the §349 allegations in Midland Funding was analyzed under N.Y.C.P.L.R. §3211(a)(7) (39 Misc. 3d at 943-44), which "is more lenient than the 'plausibility' standard applicable in federal courts". Williams v. Citigroup Inc., 659 F.3d 208, 215 n. 4 (2d Cir. 2011); Saveria JFK, Inc. v. Flughafen Wien, AG, 2016 WL 11263673, *6 (E.D.N.Y. 2016), adopted, 2017 WL 1194656 (E.D.N.Y. 2017).

## CONCLUSION

For these reasons, I recommend that plaintiff's motion to amend [25] be denied. Unless otherwise ordered by Judge Skretny, any objections to this Report and Recommendation must be filed with the clerk of this court by July 23, 2018.

Any requests for extension of this deadline must be made to Judge Skretny. A party who "fails to object timely . . . waives any right to further judicial review of [this] decision". Wesolek v. Canadair Ltd., 838 F. 2d 55, 58 (2d Cir. 1988); Thomas v. Arn, 474 U.S. 140, 155 (1985). Moreover, the district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance. Patterson-Leitch Co. v. Massachusetts Municipal Wholesale Electric Co., 840 F. 2d 985, 990-91 (1st Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) and (c) of this Court's Local Rules of Civil Procedure, written objections shall "specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection . . . supported by legal authority", and must include "a written statement either certifying that the objections do not raise new legal/factual arguments, or identifying the new arguments and explaining why they were not raised to the Magistrate Judge".  Failure to comply with these provisions may result in the district judge's refusal to consider the objections.

Dated: July 9, 2018

    /s/ Jeremiah J. McCarthy
    JEREMIAH J. MCCARTHY
    United States Magistrate Judge